UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH-1<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION FOR ISSUANCE OF A RULE 17(C) SUBPOENA UNDER GENERAL ORDER 69** |

Defendant Valentino Johnson has submitted an application (Docket No. 37) for the issuance of a Rule 17(c) subpoena *duces tecum* for relevant portions of personnel files for the San Francisco Police officers expected to testify at this case's November 6, 2014 evidentiary hearing. After reviewing Defendant's submissions, General Order No. 69, and the relevant case law, the Court finds good cause to GRANT Defendant's application.

**LEGAL STANDARD**

In a request for the issuance of a Rule 17(c) subpoena *duces tecum*, the party seeking documents must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Rule 17(c) is not to be used as a discovery device, or to "allow a blind fishing expedition seeking unknown evidence." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). A defendant must be provided with evidence concerning the credibility of witnesses where the evidence may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). "Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

General Order No. 69 provides the procedure for the application and issuance of a Rule 17(c) subpoena of personnel or complaint records for state law enforcement officers

testifying in federal court. The Order generally requires the request for a subpoena of testifying officers' personnel files to be submitted "no later than the filing date of the defendant's motion" that requested the evidentiary hearing. General Order No. 69 § II(C)(1).

**DISCUSSION**

By filing this application one month after filing his motion for an evidentiary hearing, Defendant has failed to comply with the filing deadline provided in General Order No. 69. In his application, Defendant argues that he had good cause for this late filing because he did not know whether there would be an evidentiary hearing until September 30, and the Court did not set the date of the hearing until October 6. Mot. ¶ 10. This argument is unpersuasive. The filing deadline for the application is determined by the date Defendant requests an evidentiary hearing, not by the date the Court grants one. Moving forward, Defendant is advised to carefully observe the procedural deadlines and requirements established by the Court.

Despite the application's untimely filing, the Court recognizes the relevance of discovery bearing upon the credibility of the officers who will be testifying at the evidentiary hearing on November 6. In the underlying motion to suppress, the Court is presented with conflicting accounts of what happened on February 2, 2014, when Defendant was arrested and subsequently indicted for being a Felon in Possession of a Firearm/Armed Career Criminal, 18 U.S.C. §§ 922(g)(1), 924(e). Consequently, the credibility of the testifying officers is directly at issue in these proceedings, and Defendant should therefore have access to impeachment materials in the officers' personnel files. *See Giglio v. United States*, 405 U.S. 150 (1972). As a result, the inconvenience resulting from Defendant's failure to timely file this application is outweighed by the prejudice to Defendant if he were denied the opportunity to review this impeachment material.

In addition to meeting the requirement of relevancy, Defendant's requested subpoena is sufficiently specific and contains indicia of admissibility, as required by

*United States v. Nixon*, 418 U.S. 583 (1974).  The exact language of the subpoenaed information is provided below, and only covers the portions of the testifying officers' personnel files that relate to their credibility, veracity, candor, and conduct on the job.  The proper use of this material during the evidentiary hearing will be carefully monitored by the Court so as to avoid issues of admissibility relating to character evidence.

In granting Defendant's application, the Court calls the parties' attention to the resulting briefing and hearing schedule.  The return date for the subpoena shall be fourteen days from service of the subpoena.  Should the subpoenaed party decide to file a motion to quash, it must be filed on or before this return date.  Defendant must be served a copy of the motion to quash and will have the opportunity to file an opposition to the motion within seven days.  The subpoenaed party will have an optional reply due four days after Defendant's opposition is filed.  Importantly, if the Court determines that a hearing on the motion to quash is necessary, the Court will either reschedule the evidentiary hearing in compliance with General Order No. 69, or specially set the hearing on the motion to quash in coordination with the parties.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's application for the issuance of a Rule 17(c) subpoena *duces tecum*.  On or before October 10, 2014, counsel for Defendant Valentino Johnson is authorized to issue a subpoena for the following information regarding San Francisco Police Department Officers Richard Wise, Brent Cader, Adam Plantinga, Stephen Jonas, Michael Basurto, Vannucchi # 4300, and Ortiz #1131:

> Personnel file information including any document that tends to report on the veracity and candor of the officer, any known history of misconduct as law enforcement officer, past instances where the officer's veracity or candor has been called into question, formal or informal reprimands from the San Francisco Police Department, or any other known law enforcement agencies, pending or resolved internal investigations and/or substantiated reports of corruption and/or other improper conduct; citizens' complaints about the

3

officer's conduct; any disciplinary report or report of infraction regarding improper police practice or improper reporting to a court; any negative finding of untruthfulness on the part of the officer, whether reported by a court, a citizen, the San Francisco Police Department, or any other entity; allegations and substantiations of any unconstitutional conduct including violations of search and seizure provisions.

With respect to any office or citizen complaints made against the officer at issue, the subpoena includes the following documents related to the complaints:

All "293 Forms" (initial complaints), including revised complaints with additional allegations added after the investigator intake interview; all complaint work summaries and/or chronologies of the investigator's work on the complaints; all "sustained report" memoranda, detailing the complaint and investigation in support of the recommended sustained findings; all taped statements taken during the investigation; all law enforcement incident reports gathered during the investigation; all Computer Assisted Dispatch (CAD) tapes and reports gathered during the investigation; all Departmental General Orders included in the complaint file and relied upon in the investigation of the case; all written statements, including "Member Response Forms" ("MRFs") from the officers; all photographs taken during the course of the complaint investigations; all "MULT" cards, listing previous complaints against the officers; any transcripts or recordings of complaint proceedings before the Chief of Police or his or her designees, or any entity handling citizen police complaints within the city of San Francisco.

Mot., Ex. A at 4 (Docket No. 37-1). The subpoena shall be served upon: San Francisco Police Department, Legal Division, Room 575 located at 850 Bryant Street in San Francisco, CA 94103.

It is FURTHER ORDERED that these records shall be produced to Defendant's counsel within fourteen days of service, and the fees and expenses associated with the production of the materials so subpoenaed shall be paid as if subpoenaed by the Government.

**IT IS SO ORDERED.**

Dated:   10/09/14                              _____
                                               THELTON E. HENDERSON
                                               United States District Judge

4