UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER** |

This matter is before the Court on Defendant Valentino Johnson's motion to sever the counts of his Superseding Indictment. (Docket No. 99). The Government responded (Docket No. 102), and Defendant timely replied (Docket No. 103). Oral argument was heard by the Court on April 20, 2015. After carefully considering the Parties' written and oral arguments, the Court hereby GRANTS Defendant's motion to sever for the reasons set forth below.

**BACKGROUND**

The Parties are familiar with the factual background of this case from the evidentiary hearing on Defendant's motion to suppress, which was held in December 2014. Accordingly, the Court provides only a brief summary of the facts.

On February 2, 2014, San Francisco Police Department officers responded to a 911 call about a potential suicide at the residence of Luana McAlpine. Upon arrival, officers encountered McAlpine and Defendant, who was on parole and apparently staying at the house. After performing a parole search of the home, the officers found a handgun and arrested Defendant for felon in possession of a firearm. The Government alleges that it has traced this gun to that used by Defendant's brother in a 2011 homicide, as well as a 2014 burglary involving a friend of Defendant's ex-girlfriend.

1   While in custody after his arrest, Defendant engaged in a number of jailhouse phone
2   calls with McAlpine, with whom he had a sexual and romantic relationship. The
3   Government alleges that during these calls, Defendant attempted to coerce McAlpine into
4   giving false testimony about the possession of the gun. These conversations took place in
5   February and March 2014, as well as January 2015.[1]

6   Defendant has been charged with two counts. Count One charges Defendant with
7   being a felon in possession of a gun in violation of 18 U.S.C. § 922(g)(1). On this count,
8   the Government seeks an Armed Career Criminal Enhancement. Count Two charges
9   Defendant with obstruction of justice for tampering with official proceedings under 18
10  U.S.C. § 1512(c)(2).

**LEGAL STANDARD**

The Federal Rules of Criminal Procedure allow a court to sever counts in an indictment where the joinder of offenses "appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). To prevail on a motion to sever, a defendant must show that joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1982). Because "some prejudice is inherent in any joinder[,]" a defendant must show something more than simple prejudice. *United States v. Vaccaro*, 816 F.2d 443, 448-49 (9th Cir. 1987). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Nonetheless, there are three kinds of prejudice that may arise out of a joinder of offenses, and are considered in a motion to sever: (1) "the jury may consider that the defendant must be bad" because he is charged with numerous counts; (2) "inadmissible proof of one offense may be admissible through a

---

[1] Although the January 2015 calls are not mentioned in the Superseding Indictment, the Government argues that they contain obstructive conduct that provides "context" for Defendant's criminal behavior.

2

joined offense"; and (3) "the defendant may wish to testify on one count but not another." *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975).

**DISCUSSION**

Defendant contends that severance of the counts is necessary to ensure his right to a fair trial because: (1) joinder prejudicially precludes him from testifying in his own defense on the obstruction count because a combined trial would open him to cross-examination on the possession charge; (2) severance is warranted to prevent the jury from considering otherwise inadmissible evidence prejudicial to Defendant; and (3) absent severance, Defendant will be prejudiced by the cumulative effect of the two counts. The Court now addresses each of these arguments in turn.

**I.   Defendant has identified important testimony that he may be precluded from giving if the counts are tried together.**

"If a defendant seeks severance because he wishes to testify on some counts and not others, he must show that (1) he has important testimony to give on some counts and (2) a strong need to refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983).

**A.   Defendant identifies important testimony on the obstruction count.**

An individual commits obstruction where he "obstructs, influences, or impedes any official proceeding, or attempts to do so." 18 U.S.C. § 1512(c)(2). An "official proceeding" is one that is before the United States federal government. *Id.* § 1515(a)(1). "In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance . . . that the official proceeding . . . is before a judge or court of the United States." *Id.* § 1512(g). Further, the prosecution does not need to show that a federal proceeding was "pending or about to be instituted at the time of the offense." *Id.* § 1512(f).

Defendant claims that he has "important testimony" to provide regarding the obstruction count. Specifically, he intends to testify that he did not foresee a federal proceeding when he engaged in the allegedly obstructive phone calls, as he was only facing state charges in March 2014 when the calls were made. Mot. at 4. Defendant argues that this testimony is important because it negates the intent requirement for obstruction. Reply at 3.

Relying on § 1512(g) and (f), the Government argues that it does not need to prove that Defendant foresaw a *federal* proceeding when he engaged in obstructive conduct in March 2014. Opp'n at 7-8. Instead, the Government contends, "it is sufficient if the eventual obstruction of the federal proceeding was a 'natural and probable effect of the defendant's conduct.'" *Id.* at 8 (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)). At oral argument, the Government explained that Defendant clearly foresaw some form of criminal prosecution, and the fact that he thought it would be a *state* prosecution instead of the instant *federal* prosecution is of no consequence. The Government appears to misunderstand § 1512(g) as it relates to the specific intent requirement of the obstruction charge. While the Government does not need to prove that Defendant knew the instant proceeding would be *federal in nature*, it must still prove that Defendant intended to obstruct *this particular proceeding*, rather than the state proceeding that was pending in March 2014. This distinction is made clear by case law.

In *United States v. Aguilar*, the Supreme Court overturned the § 1503 obstruction conviction a defendant that lied to two FBI agents "who might or might not testify before a grand jury." 515 U.S. 593, 599 (1995), 597. The Supreme Court construed the intent element of § 1503, whose relevant language is substantially similar to the relevant language in § 1512(c)(2), to include a "nexus requirement," as well as specific intent. *Id.* at 600.[2] The nexus requirement requires "a relationship in time, causation, or logic"

---

[2] While the Ninth Circuit has not yet expressly extended the "nexus" requirement to § 1512(c)(2), this appears to be the prevailing trend of the appellate courts that have addressed this issue. *See United States v. Tyler*, 732 F.3d 241, 250 (3d 2013) (compiling cases).

4

between the conduct and the judicial proceedings. *Id.* at 599. "In other words, the endeavor must have the 'natural and probable effect' of interfering with the due administration of justice." *Id.* However, "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct." *Id.* "The action taken by the accused must be with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority." *Id.* For the present case, *Aguilar* counsels that it is not enough that Defendant intended to obstruct an ancillary proceeding; he must have intended to obstruct the proceeding that he is charged with obstructing.

In *ArthurAnderson LLP v. United States*, 544 U.S. 696 (2005), the Supreme Court provided additional guidance where the proceeding is not pending when the obstructive conduct occurs. In that case, a manager was incorrectly found guilty of corruptly persuading a person to destroy records that were to be used in an SEC investigation. The Supreme Court ruled that the jury instructions improperly "led the jury to believe that it did not have to find *any* nexus between the 'persua[sion]' to destroy documents and any particular proceeding." *Id.* at 707. In resisting the nexus requirement, prosecutors relied on § 1512(f)'s provision that the proceeding "need not be pending or about to be instituted at the time of the offense." *Id.* The Court ruled:

> It is, however, one thing to say that a proceeding "need not be pending or about to be instituted at the time of the offense," and quite another to say a proceeding need not even be foreseen. A "knowingly . . . corrupt[t] persuade[r]" cannot be someone who persuades others to shred documents under a document retention policy **when he does not have in contemplation any particular official proceeding** in which those documents might be material.

*Id.* at 708 (emphasis added).

The Government cites to *United States v. Phillips*, 583 F.3d 1261 (10th Cir. 2009), for the proposition that a defendant does not have to foresee the federal nature of the proceeding, but need merely have engaged in conduct that naturally obstructed it. Opp'n

5

at 8. However, this reading of *Phillips* confuses the point. In that case, the Tenth Circuit upheld the conviction of a defendant under § 1512(c)(2) for disclosing the identity of an undercover sheriff to the subject of a federal grand jury investigation. 583 F.3d at 1264. The Court held that "§ 1512(c)(2) does not require that the defendant know of the existence of an ongoing official proceeding." *Id.* (citing § 1512(f)(1)). "Rather, a conviction under the statute is proper if it is foreseeable that the defendant's conduct will interfere with an official proceeding." *Id.* Importantly, the appellate court determined that the evidence in that case "beg[ged] the inference that [the defendant] actually intended to obstruct the investigation into the methamphetamine trade in Dodge city - of which the federal grand jury proceedings were a necessary part." *Id.* at 1265. It follows that while the defendant did not need to know that the proceeding was *federal*, he still needed to foresee its existence and intend to obstruct it.

The Government also cites to *United States v. Binday*, 993 F. Supp. 2d 365 (S.D.N.Y. 2014). In *Binday*, the district court denied the defendant's post-trial motion to set aside his conviction on an obstruction charge. *Id.* at 370. The defendant in that case had disposed of records relating to mail and wire fraud, and objected to his conviction on the basis that "there was no 'nexus' between his alleged obstructive conduct and an 'official proceeding,' as required to convict him under 18 U.S.C. § 1512(c)(1)." *Id.* at 368. The district court rejected this argument, determining that "[t]he trial evidence established the requisite foreseeability and nexus," because, in part, the defendant destroyed the relevant records "immediately after - and *only* after - learning that the FBI was investigating" him. *Id.* at 369. Consequently, the court found, "[t]he jury could have reasonably inferred from the evidence that [the defendant] acted with awareness that his conduct would obstruct a potential grand jury or court proceeding by rendering evidence unavailable for use against him." *Id.*

Finally, the Government's citation to *United States v. Davis* is unhelpful, as this case predates *Aguilar* and *Arthur Anderson*. 932 F.2d 752 (9th Cir. 1991). Even if this were not the case, the case does not support the Government's position. The Ninth Circuit

in that case found that the "defendant shot [the witness] with the intent of preventing the communication to law enforcement officers of information concerning the commission of federal offenses." *Id.* at 761. The court concluded: "Under § 1512, the United States was not required to prove the defendant knew he was tampering with a federal proceeding." *Id.* But this is beyond dispute, as § 1512(g) provides that a defendant does not need to know about the *federal nature* of the proceeding with which he is interfering. This does not mean, however, that a defendant does not need to contemplate the existence of the particular proceeding that he is charged with obstructing.

The Government confuses the point by arguing that it does not need to prove that Defendant foresaw the *federal nature* of the proceeding he is charged with obstructing. The Government must still prove that Defendant foresaw, knew, or contemplated the particular proceeding that he is charged with obstructing. If Defendant testifies that he did not contemplate or foresee the instant proceeding, which he is charged with obstructing, he offers important testimony regarding the intent element of the obstruction count.

**B.  Defendant demonstrates a strong need to refrain from testifying on the possession count.**

Next, Defendant must show "a strong need to refrain from testifying" on the possession count. *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983). Defendant argues that his defense strategy on the possession charge is to put the Government to its burden, and make it prove Defendant's guilt beyond a reasonable doubt, without his testimony. Reply at 4. Defendant contends that the Government's case is built largely upon circumstantial evidence, and that Defendant's testimony would open him to cross-examination, offering the Government access to potentially incriminating evidence that it would not otherwise possess. *Id.* Specifically, he states that if he testifies in a joined trial, he will be open to cross-examination about his whereabouts on January 24, 2014, any interactions he may have had with his brother, and the contents of his cell phone. *Id.*

In support of this argument, Defendant cites *United States v. Ortiz*, No. 11-cr-230-DBH, 2012 WL 2919680 (D. Me. July 17, 2012). In *Ortiz*, the defendant was charged

7

1   with aiding and abetting a false statement in connection with the purchase of a firearm, as
2   well as perjury. *Ortiz*, 2012 WL 2919680, at *1. Specifically, the defendant was charged
3   with inducing another individual to claim on an ATF form that they were the purchaser of
4   a handgun that belonged to the defendant. *Id.* Subsequently, the defendant lied to a
5   federal grand jury by saying he never induced anyone to buy the gun for him. *Id.* The
6   court granted the defendant's motion to sever because his testimony regarding the intent
7   element of the perjury charge was crucial to his defense, but absent severance, taking the
8   stand to testify about the perjury charge would "undoubtedly open himself to questioning
9   about the gun-purchasing charge" and he would "no longer be able to rely solely on the
10  government's asserted inability to prove beyond a reasonable doubt - without his testimony
11  - the [gun-purchasing] charge." *Id.* The court in *Ortiz* found that this was sufficiently
12  prejudicial to warrant severance, and this Court agrees.

13       If the Court permits joinder, it forces Defendant to choose between defending
14  against a crucial element of the obstruction charge, and asserting his constitutional right
15  against self-incrimination. While the Government is correct that "[s]everance is not
16  mandatory every time a defendant wishes to testify to one charge but to remain silent on
17  another[,]" the Court finds that, within the specific context of this case and in combination
18  with the other concerns discussed below, forcing Defendant to make such a decision
19  presents undue prejudice that outweighs the present concern for judicial economy. *See*
20  *Nolan*, 700 F.2d at 482.

22  **II.   The jailhouse calls are admissible as to both counts.**
23       **A.   The jailhouse calls are probative of both counts.**
24       The jailhouse phone calls are indisputably relevant to the obstruction charge, as
25  they document the allegedly obstructive conduct. Defendant argues, however, that the
26  calls are not probative of Defendant's possession count. The Court disagrees.
27       As to the possession count, the allegedly obstructive conduct documented in the
28  phone calls provides evidence of Defendant's consciousness of guilt, which courts have

8

consistently found to be highly probative. *See, e.g., United States v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009) (finding evidence that defendant intimidated two government witnesses was admissible to show consciousness of guilt); *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (affirming district court's determination that an attempt to intimidate witnesses is admissible to show "consciousness of guilt - second only to a confession in terms of probative value"); *United States v. Gatto*, 995 F.2d 449, 454 (3d Cir. 1993) ("It is well-established that evidence of threats or intimidation is admissible under Rule 404(b) to show a defendant's consciousness of guilt . . . ."); *United States v. Balzano*, 916 F.2d 1273, 1281 (7th Cir. 1990) (applying general rule, in affirming trial court's denial of motion to sever, that "evidence of a defendant's attempts at intimidation of a witness is admissible to demonstrate a defendant's 'consciousness of guilt' of the charges which were the subject of the witness' testimony"); *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir. 1987) (explaining that evidence of mail fraud is admissible in a trial for witness tampering to show motive, while evidence of witness tampering is admissible in a trial for mail fraud to show "guilty knowledge").

Defendant argues that these cases are inapposite, as they primarily involve witness intimidation. Reply at 6-7. But Defendant elevates form over substance, and the Court is not persuaded. While witness tampering might be less indicative of a guilty conscience than witness intimidation - a dubious premise - it nonetheless demonstrates a consciousness of guilt. Authority cited by Defendant does not provide otherwise.

### B.   Any potential prejudice resulting from the calls can be minimized.

The Court has listened to several of the portions of the jailhouse calls identified by the Government as containing obstructive conduct, and, for the most part, finds that these segments are not unduly prejudicial. While it is true that the phone calls, generally, contain sexually graphic, obscene, and inflammatory language, the Court is confident that much of the prejudicial nature of the calls can be minimized through careful editing. Federal Rule of Evidence 403 provides for the exclusion of evidence where its "probative

9

value is substantially outweighed by a danger of . . . unfair prejudice." As explained above, the conversations are highly probative of both counts. Consequently, where the Parties can minimize prejudice by appropriately editing the tapes and disclosing to the jury only relevant portions of Defendant's conversations, the phone calls would be admissible in a joint or severed proceeding.

### III. The spillover effect of Defendant's criminal history poses a danger of prejudice that can be minimized by the Court.

#### A. The Court recognizes the danger of a spillover effect, but Defendant's concerns are overblown.

Defendant also argues that joinder of the possession and obstruction charges will cause the jury to improperly consider evidence of Defendant's prior convictions when deliberating about the obstruction charge. Mot. at 6-7 (citing Fed. R. Evid. 404(b)). While there is some danger that evidence of Defendant's criminal record could "spill over" into the jury's consideration of the obstruction count, Defendant's concern is overblown. First, evidence of Defendant's previous felony conviction is probative of his obstructive conduct as it provides motive and intent. Second, if Defendant testified in the obstruction trial, the Government could impeach him about his criminal history under Rule 609. Finally, the Court can issue jury instructions, which in combination with a stipulation by the Government about Defendant's criminal history, would cure any prejudice.

To be sure, the danger of a "spillover effect" is a legitimate concern. In *United States v. Nguyen*, the Ninth Circuit noted: "All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges." 88 F.3d 812, 815 (9th Cir. 1986). However, the *Nguyen* court found severance necessary because the defendant's criminal history was inadmissible as to the severed count. *Id.* That is not the case here; Defendant's status as a felon would be admissible in an obstruction proceeding, even if Defendant decided not to testify, because it is probative of Defendant's motive for

engaging in the obstructive conduct.  *See* Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive . . . .").

In another case, *United States v. Lewis*, the Ninth Circuit overturned a defendant's murder conviction due to the "manifest prejudice from the [trial court's] failure to sever the felon in receipt counts."  787 F.2d 1318, 1320 (9th Cir. 1986).  *Lewis* cautioned: "The danger that a jury will infer present guilt from prior convictions cannot be ignored by the court in deciding whether to sever a charge that necessitates the introduction of other crimes evidence."  *Id.* at 1322.  However, severance was appropriate because the appellate court found that the defendant's prior convictions "were not particularly probative on the [separate] charge . . . ."  *Id.* at 1322.  Unlike in *Lewis*, Defendant's prior convictions *are* probative on the obstruction charge, as explained above.

### B. Curative jury instructions, alone, would be inadequate.

The Government first responds to this spillover concern by asserting that jury instructions would cure the danger of prejudice.  Opp'n at 13-14.  The Court is wary of this approach, as the Ninth Circuit in *Lewis* made clear that felon in possession cases are viewed as uniquely vulnerable to the spillover effect, despite the issuance of jury instructions.  *Lewis*, 787 F.2d at 1323.  As the appellate court explained, "tell[ing] a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to task human beings to act with a measure of dispassion and exactitude well beyond mortal capacities."  *Id.*

Indeed, the Ninth Circuit has routinely expressed doubts about the adequacy of curative jury instructions in felon in possession cases.  In *Nguyen*, the Ninth Circuit made clear that it "remain[s] skeptical 'of the efficacy of such [curative] instructions no matter when they are given.'"  *Nguyen*, 88 F.3d at 817 (quoting *Lewis*, 787 F.2d at 1322, and surveying cases recognizing the inefficiency of limiting instructions in felon in possession cases).  Accordingly, while curative jury instructions alone might be sufficient in other contexts, the Ninth Circuit has strongly indicated that they would not be sufficient here.

11

### C. A Government stipulation coupled with jury instructions would appropriately address any criminal history-related prejudice.

The Government has also indicated its willingness to stipulate to Defendant's criminal history in a joint trial, in a manner that discloses neither the nature of the crime nor the length of the sentence (except that the term exceeded one year). Opp'n at 11. The Ninth Circuit has held that this is sufficient to avoid manifest prejudice. *United States v. Burgess*, 791 F.2d 676, 679 (9th Cir. 1986) (affirming denial of motion to sever a felon in possession charge where the parties entered into a stipulation regarding the felony such that "[n]either the nature of the crime nor the length of the sentence was disclosed").

Because some evidence of Defendant's felony record is admissible as to both counts, and the prejudicial effect of this evidence on the jury's consideration of Defendant's obstruction charge can be minimized by stipulation combined with an appropriate jury instruction, the Court is confident that it could properly address the potential spillover effect regarding Defendant's criminal history.

However, because the Court has decided to sever the counts, the Parties should be mindful of how they can apply these considerations to the individual proceedings in order to minimize any remaining prejudice.

## IV. It is unlikely that the Court could prevent the spillover effect of the other possession-related evidence.

Defendant next argues that other evidence proffered by the Government relating to the possession charge would be prejudicial in a joint proceeding. Reply at 9-11. The Court agrees. Specifically, Defendant refers to the Government's expressed intent to put on evidence pertaining to: (1) a 2011 homicide where the same gun was allegedly used by Defendant's brother; and (2) a 2014 burglary where bullets from the same gun were allegedly found at the home of a friend of Defendant's ex-girlfriend. *Id.* at 9. At the hearing, the Government made clear that its evidence regarding the 2011 homicide will include testimony from the medical examiner that "dug the bullets out of the body." In light of Defendant's pending motion to compel discovery, (Docket No. 106), it has become clear that there will likely be a mini-trial surrounding the investigation of the 2011

homicide. The details of a murder investigation are of severely limited probative value to the obstruction charge, and provide the potential for substantial prejudice. While jury instructions might minimize the prejudicial effect of evidence relating to a homicide and burglary, the danger of such prejudice is most effectively cured through severance.

## V.   Defendant would not be unduly prejudiced by the "cumulative effect" of multiple charges.

Finally, Defendant contends that "the cumulative effect of the firearm possession and witness tampering count will cause a jury to infer prejudicially that Mr. Johnson possesses a criminal disposition." Mot. at 10. The Court does not find this to be a convincing argument. Certainly, some prejudice always results from the joinder of counts. The Second Circuit noted in *United States v. Smith* that the disadvantage a defendant faces from being tried on joined counts is "not improbable, for, even when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one." 112 F.2d 83, 85 (2d Cir. 1940). However, this inherent prejudice is not enough to require severance - otherwise, joinder would never be permissible. Instead, Defendant must explain why the cumulative effect of the charges in this case results in manifest prejudice that outweighs the dominant concern for judicial economy. *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1982).

In this regard, the Ninth Circuit has recognized that joinder potentially warrants severance where there is a substantial disparity between the evidence underlying the joined charges. *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998). For this reason, Defendant spends a portion of his motion arguing that the evidence for the obstruction charge is especially weak. The Court disagrees. The jailhouse calls, upon which the obstruction charge is based, reveal Defendant's attempts to coerce and convince McAlpine to falsely recant her previous statements to police and claim that she owned the firearm in question, despite the fact that Defendant clearly states that he knows the gun does not belong to her. There is no "substantial disparity between the evidence" of the two counts

13

in this case, and *Bean* is therefore inapposite. *Id.* Accordingly, Defendant fails to make a showing of cumulative prejudice that warrants severance.

**CONCLUSION**

Defendant has successfully argued that joinder is so manifestly prejudicial in this case that it outweighs the concern for judicial economy. *See Nolan*, 700 F.2d at 482. Specifically, joinder would force Defendant to decide between offering important testimony on the obstruction count and avoiding self-incrimination on the possession count. Additionally, it has become apparent to the Court that the Parties intend to litigate the details of a 2011 murder investigation that is relevant to the possession count but poses a substantial danger of undue prejudice in connection with the obstruction count. For the foregoing reasons, the Court hereby GRANTS Defendant's motion to sever.

**IT IS SO ORDERED.**

Dated:   04/30/15                                   _____

THELTON E. HENDERSON
United States District Judge

14