UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER COMPELLING DISCLOSURE OF SELECTED CITIZEN COMPLAINTS** |

In its Order on Defendant's Motion to Compel Discovery (Docket No. 117), the Court instructed the Government to provide the personnel files of San Francisco Police Department Officers Wise and Cader for *in camera* review to determine whether they contain qualifying Rule 16 materials as requested by Defendant Valentino Johnson. Specifically, Defendant sought evidence in the personnel files that might be helpful to a potential defense that the officers "failed to conduct the search [of 905 Missouri Street] properly or had motive to taint the search." Reply at 7 (Docket No. 110). After considering the Parties' written and oral arguments, the Court now ORDERS the production of selected citizen complaints contained within the personnel files of Officers Wise and Cader, for the reasons set forth below.

**LEGAL STANDARD**

Rule 16 permits discovery that is "relevant to the development of a possible defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Materiality under Rule 16 is a "low threshold" that is met if the information requested can help the defendant "prepare a defense." *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Rule 16 materials need not be admissible, "as long as there is a strong indication that . . . the evidence will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or

1  rebuttal." *United States v. Bergonzi*, 216 F.R.D. 487, 501 (N.D. Cal. 2003) (quotation
2  marks omitted).

**DISCUSSION**

After conducting an *in camera* review of the files, the Court has identified four citizen complaints that fall within the "broad right of discovery" provided by Rule 16(a)(1)(E). *See Doe*, 705 at 1150. The four complaints identified for disclosure by the Court are those associated with Case ID Numbers 0480-09 (alleging bias), 0605-13 (bias and improper search), 0317-10 (improper search), and 0103-07 (improper search). The complaint associated with Case Number 0317-10 was designated "Proper Conduct" by the Office of Citizen Complaints, while the other complaints were designated "Not Sustained." The Court provided the Government with an opportunity to be heard on the Court's inclination to compel the disclosure of these complaints.

The Government's argument against disclosure is that the complaints and any derivative evidence would be inadmissible at trial under Federal Rule of Evidence 608(b).[1] Gov.'s May 19, 2015 Letter. For support, the Government cites to *United States v. Jones*, in which a court of this district granted the Government's motion *in limine* limiting the scope of a defendant's cross-examination of an officer-witness, precluding inquiry into unsustained complaints against the officer. 03-cr-0220-SI (N.D. Cal. 2003). The Court recognizes this precedent, but notes that the decision is unpublished, making it difficult to properly evaluate. Moreover, the Government's claim that Rule 608(b) necessarily precludes testimony regarding unsustained citizen complaints is undermined by the Ninth Circuit's decision affirming the trial court's ruling under an abuse of discretion standard. In that decision, the Ninth Circuit held:

---

[1] Rule 608(b) provides, in relevant part: "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; . . ."

2

> Cross-examination regarding conduct underlying citizen complaints about illegal searches by testifying officers would elicit relevant testimony because such conduct bears on the officers' credibility in that the complaints presumably accuse the officers of lying about the legality of their conduct. *See* Fed. R. Evid. 608)(b) . . . . The excluded testimony is thus relevant and admissible.

*United States v. Jones*, 123 Fed. App'x 773, 774 (9th Cir. 2005), as amended (Aug. 31, 2005) (unpublished); *but see id.* (noting district court "could have properly excluded" evidence under Rule 403).

      Although unpublished, the appellate court's decision recognized that Rule 608(b)(1) explicitly allows the *cross-examining* of witnesses about specific instances of conduct that implicate their character for truthfulness. Moreover, Rule 608(b) does not prohibit the introduction of extrinsic evidence to prove something other than the witness's character for truthfulness - such as bias, motive, or interest. *United States v. Noti*, 731 F.2d 610, 613 (9th Cir. 1984). Knowledge of these complaints could therefore be helpful to Defendant in at least two ways. First, as indicated in *Jones*, Defendant could attempt to use the fact of these complaints to cross-examine the officers and impeach their character for truthfulness. Second, Defendant could conceivably use the complaints, through related extrinsic evidence such as complainant or corroborating witness testimony, to demonstrate something other than a character for untruthfulness, such as bias, motive, or interest. Such potential uses of the complaints bring them within the scope of Rule 16. *See Bergonzi*, 216 F.R.D. at 501 (evidence covered by Rule 16 where there is a "strong indication" that "the evidence will play an important role in . . . assisting impeachment or rebuttal"). In acknowledging these possible uses, the Court is not engaging in creative argument; Defendant specifically requested the files for this very purpose. *See* Reply at 7 (seeking personnel files that might be helpful to a potential defense that the officers "failed to conduct the search . . . properly or had motive to taint the search").

      Importantly, however, this Court's decision to compel the disclosure of these complaints should not be construed as open permission for Defendant to use them at trial. Under Rule 403, the Court must, and indeed will, balance the probative and prejudicial

nature of any proffered evidence before allowing its use at trial.  In this respect, Defendant is met with a difficult task, as the prejudicial nature of unsubstantiated allegations against police officers is great.  Ultimately, Defendant's decision whether to investigate and pursue the use of these complaints is his own; he alone can weigh the risk that this evidence might be excluded before trial.

       Finally, the Court finds the Government's other case support unpersuasive, and the Government's reliance on those cases disconcerting.  In its June 8, 2015 Letter, the Government cited multiple (primarily out-of-circuit) cases regarding prosecutors' *Brady* obligations related to unsubstantiated citizen complaints.  Gov.'s June 8, 2015 Letter.  In offering these cases, the Government claimed that the *Brady* standard is the same as the Rule 16 standard in this context.  *Id.* at 2 n. 1 ("[T]he relevant standard is the same in this context. . . . the government is obligated to disclose that evidence under *Brady* if it is 'material.'  That is the same standard that applies under Rule 16.").  This is a dangerously inaccurate misstatement of law.  Under Rule 16, "[m]ateriality is a low threshold; it is satisfied so long as the information [sought] would have helped [the defendant] prepare a defense."  *Hernandez-Meza*, 720 F.3d at 768 (quotation marks omitted).  The *Brady* standard is much higher, and its scope much narrower.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (*Brady* evidence is exculpatory evidence relating to guilt or punishment).  Consequently, it is beyond dispute that Rule 16 is broader than *Brady*.  *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Rule 16 is thus broader than *Brady*.  Information that is not exculpatory or impeaching may still be relevant to developing a possible defense.").

       Moreover, appellate decisions that failed to find *Brady* violations provide little guidance to this Court's Rule 16 analysis, as a *Brady* violation does not occur "unless the disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."  *Strickler v. Greene*, 527 U.S. 23, 281 (1999).  That is not the standard the courts apply in determining whether evidence should be disclosed under Rule 16; it is not the standard the Government should be applying, either.

4

CONCLUSION

For the foregoing reasons, the Court orders the Government to provide Defendant with a copy of the citizen complaints associated with Case ID Numbers 0480-09, 0605-13, 0317-10, and 0103-07 on or before **June 16, 2015**. The Court anticipates that the Government will request these documents be subject to a protective order.

**IT IS SO ORDERED.**

Dated: 06/10/15

_____
THELTON E. HENDERSON
United States District Judge