UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR RULE 17(C) SUBPOENAS** |

This matter is before the Court on Defendant Valentino Johnson's request for a Rule 17(c) subpoena under General Order No. 69. (Docket No. 131). After carefully considering Defendant's request in light of prevailing case law and the strictures of General Order No. 69, the Court hereby DENIES the request for the reasons set for below.

As a preliminary matter, Defendant's request is untimely. General Order No. 69 ("G.O. 69") requires that Rule 17(c) subpoenas for the personnel or complaint records of state law enforcement officers testifying in federal court be filed "no later than 40 days before the date set for the pretrial conference." G.O. 69(II)(C)(2). The pretrial conference in this case is set for August 3, 2015. Order for Pretrial Preparation (Docket No. 116). Consequently, any Rule 17(c) subpoenas must have been requested by June 24, 2015. Because Defendant's request was filed on June 25, 2015, it is untimely, a matter left unaddressed by Defendant.

More importantly, Defendant's request is over-broad. Defendant seeks to subpoena the personnel files and complaint records of 27 officers and employees of the San Francisco Police Department (SFPD). Lynch Decl. ¶¶ 5-7. (Docket No. 131). Defendant justifies this request by stating, "[i]t is anticipated that the government and/or the defense will call some or all of these SFPD officers and employees at the upcoming trial," and that the jury will "have the opportunity and duty to assess the credibility of these witnesses and their testimony relating to the discovery of the firearm . . . and the subsequent investigation

1  of the case." *Id.* ¶ 9.  He then cites to legal authority that entitles him "to discovery
2  bearing upon the credibility of the officers who are expected to testify." *Id.* ¶ 10.  The
3  Court finds these assertions logically disconnected.  While Defendant is entitled to
4  discovery relating to the credibility of SFPD officers that are *expected to testify*, Defendant
5  seeks discovery relating to the credibility of every individual even tangentially related to
6  this case.  This does not comport with the narrow guidelines for Rule 17(c) subpoenas
7  established in *United States v. Nixon*, 418 U.S. 683 (1974).

8       First, the documents sought must be "evidentiary and relevant." *Nixon*, 418 U.S. at
9  699.  Here, the requested files are only relevant insofar as they pertain to the credibility of
10 individuals that will actually testify.  However, Defendant seeks the files of individuals
11 that may never be called.  *See* Lynch Decl. ¶ 9 ("[i]t is anticipated that the government
12 and/or defense will call some or all of these SFPD officers and employees").  Moreover,
13 Defendant fails to explain why the credibility of each of the identified employees is
14 relevant to his guilt or innocence, or even who the employees are or what role they played
15 in this case. Instead, Defendant merely lists the employees in broad categories as having
16 been "present" during the search, "involved" in the subsequent investigation, or "involved"
17 in DNA analysis.  *Id.* ¶¶ 5-7.  This Court will not order a third party to produce
18 confidential files on such an inadequate basis.

19      Second, the documents sought must not be "otherwise procurable in advance of trial
20 by exercise of due diligence." *Nixon*, 418 U.S. at 699.  However, Defendant acknowledges
21 that the Government will provide him with any impeachment materials relating to the
22 officers it intends to call at trial.  Request at 2, n.1; *see also* Ex. A to Lynch Decl. (Docket
23 No. 131-1).  This fact makes many of Defendant's requests redundant, and makes a Rule
24 17(c) subpoena inappropriate.

25      Finally, the documents must be necessary, such "that the party cannot properly
26 prepare for trial without" them.  *Nixon*, 418 U.S. at 699.  However, Defendant's assertion
27 that "some or all of these SFPD" employees will be called to testify at trial strongly
28

suggests that "some" of these documents are likely unnecessary to Defendant's preparation.

Because Defendant's request is untimely, and because Defendant has failed to "clear [the] hurdles" of demonstrating relevancy, admissibility, and specificity, Defendant has not carried his burden and the request for Rule 17(c) subpoenas is DENIED. *Id.* at 700.

**IT IS SO ORDERED.**

Dated:   06/30/15                            _____
                                                                         THELTON E. HENDERSON
                                                                         United States District Judge

3