UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER RE: GOVERNMENT'S REQUEST FOR CLARIFICATION** |

On August 17, 2015, the Government filed a request for clarification of the Court's August 11, 2015 Order on the parties' motions *in limine* (Docket No. 199). (Docket No. 203). The Court allowed Defendant to respond to the Government's request, which he did the next day. (Docket No. 206).

In the Court's Order on the motions *in limine*, the Court provided: "evidence of Martin's criminal history is admissible," Order at 15, and "evidence of the 2014 break-in is inadmissible, except for the text message referencing the busted clip," Order at 6. The Court believes that these determinations were sufficiently clear, and agrees with Defendant that the Government's "request for clarification" appears to be a thinly veiled, out-of-order motion for reconsideration. Nonetheless, the Court now addresses the Government's request for clarification below.

## I.  Evidence of Martin's Criminal History

Regarding Martin's criminal history, the Government contends that "the defendant should be limited to arguing that Martin had a prior felony conviction, and should be precluded from asserting that Martin was specifically convicted of a felony offense involving a firearm." Request at 2. The Government's argument mistakenly assumes that Defendant is only using Martin's criminal history to suggest that Martin had a motive to hide a gun at 905 Missouri Street. However, the Court's Order acknowledged that

1   Martin's criminal history was also admissible to support Defendant's theory that he was a
2   viable suspect that the SFPD should have more thoroughly investigated.  Order at 14.
3   Because of this second purpose for introducing Martin's criminal history, the fact that
4   Martin's conviction for a *firearm-related* offense is particularly relevant.  Indeed, while the
5   law does not allow propensity evidence to be admitted as evidence that an individual
6   engaged in a certain act, it should be no surprise that the police look at a suspect's prior
7   conduct when investigating them.  Knowing that Martin had previously been convicted of
8   a *firearm-related* offense, Defendant's theory argues, the SFPD should have given him a
9   closer look when trying to determine who owned the recovered firearm.  For the reasons
10  already articulated in the Order on the motions *in limine*, the Court will allow Defendant to
11  present this defense theory.  Accordingly, the Court reasserts its ruling: evidence that
12  Martin had been previously convicted of a firearm-related offense is admissible.

13        The Court's Order did not, however, address the admissibility of Martin's "rap
14  sheet" or certified Superior Court documents.  The Court clarifies that Defendant's "rap
15  sheet" is admissible under the Court's Order, but only to the extent that it provides
16  evidence of Defendant's conviction for a firearm-related offense and lists Martin's address
17  as 905 Missouri Street.[1]  In his response to the Government's request, Defendant states that
18  he would "be amenable to the Court instructing the jury to disregard" portions of Martin's
19  record that concern "other run-ins with the law."  Out of an abundance of caution, and
20  because Martin's other criminal history is both irrelevant and inappropriate, the Court
21  ORDERS Defendant to appropriately redact Martin's rap sheet so that such evidence is not
22  improperly presented to the jury.  Similarly, certified Superior Court documents that
23  establish Martin's firearm-related conviction are admissible under the Court's Order, but

---

[1] The Court agrees with Defendant that the listed address is not hearsay as long as it is not being offered to prove that Martin lived at 905 Missouri Street.  To the extent that the address is offered to suggest that it should have put the SFPD on notice that Martin had a connection to 905 Missouri Street, and was therefore a viable suspect that warranted further investigation, the Court finds that it is admissible.

2

1  must be redacted to prevent evidence of other criminal conduct.[2]  The Court will address
2  the admissibility of any other evidence regarding Martin's criminal history as it is arises at
3  trial.

**II.  Evidence from the 2014 Break-In**

Regarding evidence related to the 2014 break-in, the Government inquires whether it can introduce all of the evidence excluded by the Court's Order as long as it does not mention that a "break-in" occurred.  Request at 2.  As noted by Defendant, the Government's proposal does not strip the evidence of its prohibited Rule 404(b) nature.  Resp. at 4.  Evidence that Defendant left ammunition and a firearm magazine at 301 Crescent Court, even absent a specific allegation that these items were left in the course of committing a burglary, is still evidence of a prohibited act that is inadmissible under Rule 404(b).  It is unlikely that a jury will infer that Defendant was carrying these firearm-related items for an innocuous purpose.  Indeed, the very fact that a jury would be provided with all of this evidence - including cellphone tower evidence that places Defendant at 301 Crescent Court on January 24, 2014, and testimony from B.F. that she knew Defendant and believes the firearm-related items were left at her house on January 24, 2014 - is likely to confuse the jury and make them wonder what the Court is hiding from them.

Moreover, removing a reference to the break-in does not cure the other major defect the Court identified with this evidence: the circular nature of the reasoning that makes it probative.  As explained in the Court's Order, the Government's logic is: (1) the Government believes Defendant owned the firearm, (2) the firearm was used or otherwise present at 301 Crescent Court, (3) therefore, Defendant must have been at 301 Crescent Court, (4) which is proof that Defendant owned the firearm.  Order at 5.  The circular nature of this logic, even absent any mention of a break-in, still renders the evidence of

---

[2] The certified Superior Court documents are admissible public records not excludable by the hearsay rule pursuant to Federal Rule of Evidence 803.

3

1  limited probative value while presenting a significant risk that it will confuse the issue at
2  trial.
3        Finally, introduction of this evidence would still likely result in a mini-trial because
4  Defendant would try to challenge the collection and processing of the break-in evidence,
5  but would in fact now have to do so unable to provide any context for that challenge lest he
6  prejudice himself. The Government's proposal attempts to resolve one of many problems
7  the Court identified with the break-in evidence, but in doing so makes it even more
8  difficult for Defendant to receive a fair trial.
9        Accordingly, the Court reiterates its determination that evidence related to the 2014
10 break-in is inadmissible, except for the text messages allegedly sent by Defendant
11 referencing a busted and/or missing clip for his PT 92 Taurus. Order at 6. Should the
12 Government continue to have questions about the admissibility of specific pieces of
13 evidence in light of the Court's Orders, it should address them to the Court at the close of
14 proceedings the day before it will attempt to offer such evidence to the jury.

**IT IS SO ORDERED.**

Dated: 08/20/15  _____
                         THELTON E. HENDERSON
                         United States District Judge