UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>VALENTINO JOHNSON,<br>　　　　Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER EXCLUDING EVIDENCE RE: JEKEITH MARTIN** |

　　　　Before jury selection on August 24, 2015, the Parties presented an ongoing dispute for the Court's resolution.  The Government seeks to exclude evidence that Jekeith Martin had been previously arrested for theft of property by San Francisco Police Department (SFPD) Officer Stephen Jonas.  That arrest was unrelated to the matter at trial and did not involve a firearm.

　　　　In its Order on the Motions *in Limine* (Docket No. 199), the Court determined that evidence of Martin's firearm-related criminal history was admissible for two reasons: (1) it was integral to Defendant's theory that Martin was the true possessor of the gun, because Martin's probation status gave him motive to the hide the weapon at 905 Missouri Street; and (2) it suggested that the SFPD did not conduct a complete investigation because it failed to appropriately pursue a suspect with ties to the home and a previous firearm-related conviction.  Order at 14-15.  Shortly thereafter, in response to the Government's Request for Clarification (Docket No. 203), the Court explained that the *firearm-related* nature of Martin's previous conviction was relevant because of the *firearm-related* nature of the investigation it was being used to challenge.  Order Re: Gov.'s Request for Clarification at 2 (Docket No. 208).  In other words, while the nature of the past conviction was not relevant for the first reason discussed above, it was relevant for the second reason.

　　　　Defendant now seeks the admission of evidence that goes far astray from the two justifications underlying the admissibility of Martin's firearm-related criminal history.  As

stated in the Court's Order on the Government's Request for Clarification, aside from his firearm-related conviction, "Martin's other criminal history is both irrelevant and inappropriate." *Id.* This is especially true here for two reasons. First, the fact that Martin had previously been arrested by the SFPD in an unrelated incident, which did not even involve a firearm, offers little in the way of suggesting that Martin possessed the firearm in this case – other than as pure propensity evidence. The use of evidence for this purpose is expressly prohibited by Federal Rule of Evidence 404(b). Second, this prior arrest does nothing to suggest that the police should have been on notice that Martin was a viable suspect in the 905 Missouri Street investigation, as the crime for which he was arrested bears no similarity with the instant offense. Put another way, Martin's prior arrest for theft of property does not make him any more of a viable suspect for possessing the recovered firearm than are other unrelated individuals that have been arrested for theft of property. The proffered evidence is therefore irrelevant under Rule 401. Moreover, the continued attack on Martin's character, especially through such unrelated prior conduct, risks misleading the jury, confusing the issues, and wasting time; it is therefore inadmissible under Rule 403.

In attempting to incriminate an alternative suspect, Defendant now goes too far. Because evidence of Martin's prior unrelated contact with the SFPD is inadmissible character and propensity evidence that is substantially more prejudicial than probative, it is EXCLUDED from trial.

**IT IS SO ORDERED.**

Dated: 08/25/15

_____
THELTON E. HENDERSON
United States District Judge

2