UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

VALENTINO JOHNSON,

Defendant.

Case No. 14-cr-00412-TEH

**ORDER DENYING DEFENDANT'S REQUEST TO PLAY EXHIBIT 63**

During the Government's direct examination of Sergeant Stephen Jonas, the witness made references to and quoted a portion of an interview between Sergeant Plantinga and Luana McAlpine. Specifically, Sergeant Jonas testified that McAlpine stated in her interview that Jekeith Martin was her daughter's boyfriend, that Defendant kept property at her house, and that the gun did not belong to her or her daughter and therefore must have belonged to Defendant.[1] Trial Tr. at 238-40. Defendant now seeks to admit and play the full seven minute recording of that interview under the Rule of Completeness.

The Rule of Completeness is contained in Federal Rule of Evidence 106, which provides: "If a party introduces all or part of a writing or a recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at that time." By its very terms, Rule 106 is not applicable. The Government never introduced "all or part of a writing or a recorded statement." Fed. R. Evid. 106. Instead, the Government elicited testimony regarding a taped conversation, which does not open any doors under Rule 106. *See* Trial Tr. at 238-40; Fed. R. Evid. 106 advisory committee's note ("For practical reasons, the rule is limited to writings and recorded statements and does not apply to

---

[1] The Court denied Defendant's hearsay objection to this testimony, as it was not offered for the truth of the matter asserted but instead as probative of Sergeant Jonas's assessment of Jekeith Martin as a potential suspect.

1 conversations."); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (finding Rule 106 inapplicable "because no writing or recorded statement was introduced by a party"). Additionally, Defendant did not seek to offer the full recording "at that time," Fed. R. Evid. 106; he does so a full day and several witnesses later.

Moreover, the Court is not convinced that the two considerations underlying Rule 106 are implicated.  The Rule is based on two considerations: the misleading impression created by taking matters out of context, and the inadequacy of repair work when delayed to a point later in trial.  Fed. R. Evid. 106 advisory committee's note.  As to the first consideration, the Court finds nothing in the interview that suggests the Government's evidence was "misleading."  While McAlpine goes on to say she never saw Defendant with a gun, and did not allow guns in her house, this does not qualify her assertion that she believed that the gun could have only belonged to Defendant because it did not belong to her or her daughter.  And while she explains that she also kept her grandsons' things at her house, this does not qualify her statement that Defendant's things were at her house.  Moreover, Sergeant Jonas personally recalled the statement not for its truth, but for its effect on the course of his investigation.  Trial Tr. at 240.

Regarding the second consideration underlying Rule 106, to the extent Defendant believes McAlpine's statement was provided out of context, several options were and remain open to him.  First, he could have cross-examined Sergeant Jonas about the other statements made during McAlpine's interview.  Second, he can elicit testimony regarding McAlpine's other statements through his upcoming direct examination of Plantinga, if a hearsay exception applies.  Finally, Defendant can call McAlpine to the stand: she has been subpoenaed, appears on his witness list, and has previously testified on his behalf.  Accordingly, Defendant's request to play the seven minute recording is DENIED.

**IT IS SO ORDERED.**

Dated: 08/27/15          _____
                                         THELTON E. HENDERSON
                                         United States District Judge