UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>VALENTINO JOHNSON,<br>　　　　Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER RE: JURY INSTRUCTIONS** |

The Parties have proposed conflicting jury instructions for the definitions of "knowingly" and "possession" as those terms relate to Defendant's charged offense. The Parties' proposals both contain the Ninth Circuit Model Jury Instruction for these definitions. However, Defendant's proposed instructions also include portions of Committee comments to other model instructions. Specifically, for the definition of "knowingly," Defendant proposes the additional instruction:

> To establish "knowingly" under the first element of Section 922(g)(1) of Title 18, the government need not prove the defendant's knowledge of the law, only that the defendant consciously possessed what he knew to be a firearm.

Comment to Ninth Circuit Model Jury Instruction (2010) No. 8.63. For the definition of "possession," Defendant proposes the additional instruction:

> Constructive or joint possession may satisfy the possession element of Section 922(g)(1) of Title 18. To show constructive possession, the government must prove a connection between the defendant and the firearm or ammunition sufficient to support the inference that the defendant exercised dominion and control over it. Similarly, joint control of the premises where the firearm or ammunition was found may be sufficient to establish possession where a defendant has knowledge of the weapon and both the power and the intention to exercise dominion and control over it.

Comment to Ninth Circuit Model Jury Instruction (2010) No. 8.65.

The Court finds Defendant's proposed additional language unnecessary, redundant,

1   and potentially confusing for the jury.  Regarding the definition of "knowingly,"
2   Defendant's proposed additional language substantively repeats the second sentence of the
3   Model Instruction the Parties have already agreed to include.  *See* Ninth Circuit Model
4   Jury Instruction (2010) No. 5.6 ("The government is not required to prove that the
5   defendant knew that his acts or omissions were unlawful.").  Defendant's proposed
6   additional language is therefore redundant and unnecessary.

7   Regarding Defendant's proposed definition of "possession," the Jury Instruction
8   Committee's Comment to the Model Instruction on the definition of "possession" notes:
9   "The Committee believes this instruction is all-inclusive, and there is no need to attempt to
10  distinguish further between actual and constructive possession and sole and joint
11  possession."  Comment to Ninth Circuit Model Jury Instruction (2010) No. 3.17.
12  Defendant's proposed additional language about constructive possession is therefore
13  unnecessary and redundant in the estimation of the Ninth Circuit's Jury Instruction
14  Committee.  This Court agrees.  Moreover, the phrase "exercised dominion" may be a
15  difficult concept for jurors, creating needless confusion without serving any probative
16  value.

17  For the foregoing reasons, the Court will issue the Government's version of the
18  proposed jury instructions on the definitions of "knowingly" and "possession."

**IT IS SO ORDERED.**

Dated:  08/27/15                                  _____
                                                   THELTON E. HENDERSON
                                                   United States District Judge