## UNITED STATES V. VALENTINO JOHNSON (14-CR-00412)
## JURY INSTRUCTIONS

Instruction
No.

| | |
|---|---|
| 1 | DUTIES OF JURY TO FIND FACTS / FOLLOW LAW |
| 2 | STIPULATIONS OF FACT |
| 3 | CHARGE AGAINST DEFENDANT NOT EVIDENCE |
| | BURDEN OF PROOF |
| | PRESUMPTION OF INNOCENCE |
| 4 | REASONABLE DOUBT—DEFINED |
| 5 | DEFENDANT'S DECISION NOT TO TESTIFY |
| 6 | WHAT IS EVIDENCE? |
| 7 | WHAT IS NOT EVIDENCE? |
| 8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 9 | CREDIBILITY OF WITNESSES |
| 10 | DISCREPANCIES IN TESTIMONY |
| 11 | WITNESS WILLFULLY FALSE |
| 12 | WEIGHT OF EVIDENCE |
| 13 | SINGLE WITNESS TESTIMONY |
| 14 | JUDGE'S COMMENTS NOT EVIDENCE |
| 15 | STATEMENTS BY DEFENDANT |
| 16 | OPINION EVIDENCE, EXPERT WITNESSES |
| 17 | SUMMARIES NOT RECEIVED IN EVIDENCE |
| 18 | CHARTS AND SUMMARIES IN EVIDENCE |
| 19 | ACTIVITIES NOT CHARGED |
| 20 | OTHER CRIMES/WRONGS/ACTS OF DEFENDANT |
| 21 | JURY USE OF NOTES |
| 22 | JURY CONSIDERATION OF PUNISHMENT |
| 23 | JURY COMMUNICATION WITH COURT |
| 24 | FELON IN POSSESSION (18 U.S.C. § 922(g)(1)) |
| 25 | KNOWINGLY—DEFINED |

26                              POSSESSION—DEFINED

27                              "ON OR ABOUT" EXPLAINED

28                              JURY'S DUTY TO DELIBERATE

29                              HOW JURY SHOULD APPROACH TASK

30                              CHANCE VERDICT PROHIBITED

31                              RETURN OF VERDICT

32                              USE OF ELECTRONIC TECHNOLOGY TO CONDUCT

                                RESEARCH ON OR COMMUNICATE ABOUT A CASE

INSTRUCTION NO. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW THAT APPLIES TO THIS CASE.  A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO WEIGH AND TO EVALUATE ALL THE EVIDENCE RECEIVED IN THE CASE AND, IN THAT PROCESS, TO DECIDE THE FACTS.  IT IS ALSO YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU TO THE FACTS AS YOU FIND THEM, WHETHER YOU AGREE WITH THE LAW OR NOT.  YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE AND THE LAW AND MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY.  YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

YOU MUST FOLLOW ALL THESE INSTRUCTIONS AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL IMPORTANT.  PLEASE DO NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING I MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

INSTRUCTION NO. 2

STIPULATIONS OF FACT

THE PARTIES HAVE AGREED TO CERTAIN FACTS THAT HAVE BEEN STATED
TO YOU. YOU SHOULD THEREFORE TREAT THESE FACTS AS HAVING BEEN
PROVED.

INSTRUCTION NO. 3

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF

INNOCENCE—BURDEN OF PROOF


THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT HAS PLEADED NOT
GUILTY TO THE CHARGE. THE DEFENDANT IS PRESUMED TO BE INNOCENT
UNLESS AND UNTIL THE GOVERNMENT PROVES THE DEFENDANT GUILTY
BEYOND A REASONABLE DOUBT. IN ADDITION, THE DEFENDANT DOES NOT
HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE INNOCENCE. THE
GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE
BEYOND A REASONABLE DOUBT.

INSTRUCTION NO. 4

REASONABLE DOUBT—DEFINED

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

INSTRUCTION NO. 5

DEFENDANT'S DECISION NOT TO TESTIFY

A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY. YOU MAY NOT DRAW ANY INFERENCE OF ANY KIND FROM THE FACT THAT THE DEFENDANT DID NOT TESTIFY.

INSTRUCTION NO. 6

WHAT IS EVIDENCE?

THE EVIDENCE YOU ARE TO CONSIDER IN DECIDING WHAT THE FACTS

ARE CONSISTS OF:

(1) THE SWORN TESTIMONY OF ANY WITNESS;

(2) THE EXHIBITS RECEIVED IN EVIDENCE; AND

(3) ANY FACTS TO WHICH THE PARTIES HAVE AGREED.

INSTRUCTION NO. 7

WHAT IS NOT EVIDENCE?

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS RECEIVED IN EVIDENCE. THE FOLLOWING THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE:

(1) QUESTIONS, STATEMENTS, OBJECTIONS, AND ARGUMENTS BY THE LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. ALTHOUGH YOU MUST CONSIDER A LAWYER'S QUESTIONS TO UNDERSTAND THE ANSWERS OF A WITNESS, THE LAWYER'S QUESTIONS ARE NOT EVIDENCE. SIMILARLY, WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS STATE THEM, YOUR MEMORY OF THEM CONTROLS.

(2) ANY TESTIMONY THAT I HAVE EXCLUDED, STRICKEN, OR INSTRUCTED YOU TO DISREGARD IS NOT EVIDENCE. IN ADDITION, SOME EVIDENCE WAS RECEIVED ONLY FOR A LIMITED PURPOSE; WHEN I HAVE INSTRUCTED YOU TO CONSIDER CERTAIN EVIDENCE IN A LIMITED WAY, YOU MUST DO SO.

(3) ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT

IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON

THE EVIDENCE RECEIVED AT THE TRIAL.

INSTRUCTION NO. 8

DIRECT AND CIRCUMSTANTIAL EVIDENCE

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, IT IS PROOF OF ONE OR MORE FACTS FROM WHICH YOU CAN FIND ANOTHER FACT.

YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. EITHER CAN BE USED TO PROVE ANY FACT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

INSTRUCTION NO. 9

CREDIBILITY OF WITNESSES

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

(1) THE WITNESS'S OPPORTUNITY AND ABILITY TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

(2) THE WITNESS'S MEMORY;

(3) THE WITNESS'S MANNER WHILE TESTIFYING;

(4) THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE, IF ANY;

(5) THE WITNESS'S BIAS OR PREJUDICE, IF ANY;

(6) WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS'S TESTIMONY;

(7) THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

(8) ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY. WHAT IS IMPORTANT IS

HOW BELIEVABLE THE WITNESSES WERE, AND HOW MUCH WEIGHT YOU THINK

THEIR TESTIMONY DESERVES.

INSTRUCTION NO. 10

DISCREPENCIES IN TESTIMONY

DISCREPANCIES IN A WITNESS'S TESTIMONY OR BETWEEN HIS OR HER
TESTIMONY AND THAT OF OTHERS, IF THERE WERE ANY, DO NOT NECESSARILY
MEAN THAT THE WITNESS SHOULD BE DISCREDITED.  FAILURE OF
RECOLLECTION IS COMMON.  INNOCENT MISRECOLLECTION IS ALSO COMMON.
TWO PERSONS WITNESSING AN INCIDENT OR A TRANSACTION OFTEN WILL SEE
OR HEAR IT DIFFERENTLY.  IN WEIGHING THE EFFECT OF A DISCREPANCY,
ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE, OR
AN UNIMPORTANT ERROR, OR AN INTENTIONAL FALSEHOOD.
AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF
EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU THINK IT DESERVES.

INSTRUCTION NO. 11

WITNESS WILLFULLY FALSE

A WITNESS WHO IS WILLFULLY FALSE IN ONE MATERIAL PART OF HIS OR HER TESTIMONY MAY BE DISTRUSTED IN OTHERS.  YOU MAY REJECT THE ENTIRE TESTIMONY OF A WITNESS WHO WILLFULLY HAS TESTIFIED FALSELY AS TO A MATERIAL POINT UNLESS, FROM ALL OF THE EVIDENCE, YOU BELIEVE THE PROBABILITY OF TRUTH FAVORS HIS OR HER TESTIMONY IN OTHER PARTICULARS.

INSTRUCTION NO. 12

WEIGHT OF EVIDENCE


THE WEIGHT OF THE EVIDENCE PRESENTED DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES TESTIFYING ON EITHER SIDE.  YOU MUST CONSIDER ALL OF THE EVIDENCE IN THE CASE, AND YOU MAY DECIDE THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE HAS MORE WEIGHT THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

INSTRUCTION NO. 13

SINGLE WITNESS

THE TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS A BELIEF IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND RELIABILITY OF THE ONE WITNESS.

INSTRUCTION NO. 14

JUDGE'S COMMENTS

I HAVE NOT INTENDED BY ANYTHING I HAVE SAID OR DONE, OR BY ANY QUESTIONS THAT I HAVE ASKED, TO SUGGEST HOW YOU SHOULD DECIDE ANY QUESTIONS OF FACT SUBMITTED TO YOU.

IF ANYTHING I HAVE SAID OR DONE HAS SEEMED TO SO INDICATE, YOU WILL DISREGARD IT AND FORM YOUR OWN OPINION.

INSTRUCTION NO. 15

STATEMENTS BY DEFENDANT

YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE A STATEMENT. IT IS FOR YOU TO DECIDE (1) WHETHER THE DEFENDANT MADE THE STATEMENT, AND (2) IF SO, HOW MUCH WEIGHT TO GIVE TO IT. IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE CIRCUMSTANCES UNDER WHICH THE DEFENDANT MAY HAVE MADE IT.

INSTRUCTION NO. 16

OPINION EVIDENCE, EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM PERSONS WHO, BECAUSE OF EDUCATION OR EXPERIENCE, WERE PERMITTED TO STATE OPINIONS AND THE REASONS FOR THEIR OPINIONS.

SUCH OPINION TESTIMONY SHOULD BE JUDGED LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE.

INSTRUCTION NO. 17

SUMMARIES NOT RECEIVED IN EVIDENCE

DURING THE TRIAL, CERTAIN CHARTS AND SUMMARIES WERE SHOWN TO YOU IN ORDER TO HELP EXPLAIN THE EVIDENCE IN THE CASE.  THESE CHARTS AND SUMMARIES WERE NOT ADMITTED IN EVIDENCE AND WILL NOT GO INTO THE JURY ROOM WITH YOU.  THEY ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS.  IF THEY DO NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THESE CHARTS AND SUMMARIES AND DETERMINE THE FACTS FROM THE UNDERLYING EVIDENCE.

INSTRUCTION NO. 18

CHARTS AND SUMMARIES IN EVIDENCE

CERTAIN CHARTS AND SUMMARIES HAVE BEEN ADMITTED IN EVIDENCE. CHARTS AND SUMMARIES ARE ONLY AS GOOD AS THE UNDERLYING SUPPORTING MATERIAL. YOU SHOULD, THEREFORE, GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THE UNDERLYING MATERIAL DESERVES.

INSTRUCTION NO. 19

ACTIVITIES NOT CHARGED

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OF THE CHARGE IN THE INDICTMENT.  THE DEFENDANT IS NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN THE INDICTMENT.

INSTRUCTION NO. 20

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT COMMITTED OTHER ACTS NOT CHARGED HERE.

YOU MAY NOT CONSIDER THIS EVIDENCE AS EVIDENCE OF GUILT OF THE CRIME FOR WHICH THE DEFENDANT IS NOW ON TRIAL. HOWEVER, YOU MAY CONSIDER THIS EVIDENCE FOR OTHER PURPOSES, SUCH AS ITS BEARING, IF ANY, ON THE QUESTION OF THE DEFENDANT'S INTENT, MOTIVE, OPPORTUNITY, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, OR ABSENCE OF MISTAKE.

INSTRUCTION NO. 21

USE OF NOTES

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY YOUR NOTES OR THOSE OF YOUR FELLOW JURORS.

INSTRUCTION NO. 22

JURY CONSIDERATION OF PUNISHMENT

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT

TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE

GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A

REASONABLE DOUBT.

INSTRUCTION NO. 23

COMMUNICATION WITH COURT


IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH MY COURTROOM DEPUTY, MS. INGLE, SIGNED BY ANY ONE OR MORE OF YOU. MS. INGLE WILL BE SITTING IN THE COURTROOM DURING YOUR DELIBERATIONS. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING OR HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE—INCLUDING ME—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON ANY QUESTION SUBMITTED TO YOU, INCLUDING THE QUESTION OF THE GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.

INSTRUCTION NO. 24

UNLAWFUL POSSESSION OF A FIREARM BY A CONVICTED FELON

(18 U.S.C. § 922(G)(1))

THE DEFENDANT IS CHARGED IN THE INDICTMENT WITH THE POSSESSION OF A FIREARM IN VIOLATION OF SECTION 922(G)(1) OF TITLE 18 OF THE UNITED STATES CODE. IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT KNOWINGLY POSSESSED A TAURUS PT92 9MM HANDGUN;

SECOND, THE TAURUS PT92 9MM HANDGUN HAD BEEN SHIPPED FROM ONE STATE TO ANOTHER, OR FROM A FOREIGN COUNTRY INTO THE UNITED STATES; AND

THIRD, AT THE TIME THE DEFENDANT POSSESSED THE TAURUS PT92 9MM HANDGUN, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR.

THE PARTIES HAVE AGREED THAT ELEMENTS TWO AND THREE HAVE BEEN SATISFIED AND ARE NOT IN DISUTE.

PROPOSED INSTRUCTION NO. 25

KNOWINGLY—DEFINED


AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

PROPOSED INSTRUCTION NO. 26

POSSESSION—DEFINED

A PERSON HAS POSSESSION OF SOMETHING IF THE PERSON KNOWS OF ITS PRESENCE AND HAS PHYSICAL CONTROL OF IT, OR KNOWS OF ITS PRESENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.

MORE THAN ONE PERSON CAN BE IN POSSESSION OF SOMETHING IF EACH KNOWS OF ITS PRESENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.

INSTRUCTION NO. 27

"ON OR ABOUT" EXPLAINED

THE INDICTMENT CHARGES THAT THE OFFENSE ALLEGED WAS COMMITTED "ON OR ABOUT" CERTAIN DATES. ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE COMMITTED ON DATES REASONABLY NEAR THE RELEVANT DATES ALLEGED IN THE INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSES WERE COMMITTED PRECISELY ON THE DATES CHARGED.

INSTRUCTION NO. 28

DUTY TO DELIBERATE

WHEN YOU BEGIN YOUR DELIBERATIONS, ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON WHO WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

INSTRUCTION NO. 29

HOW JURORS SHOULD APROACH THE TASK

THE ATTITUDE AND CONDUCT OF JURORS AT THE BEGINNING OF THEIR DELIBERATIONS ARE VERY IMPORTANT.  IT IS RARELY HELPFUL FOR A JUROR, ON ENTERING THE JURY ROOM, TO EXPRESS AN EMPHATIC OPINION ON THE CASE OR TO ANNOUNCE A DETERMINATION TO STAND FOR A CERTAIN VERDICT. WHEN SOMEONE DOES THAT AT THE OUTSET, A SENSE OF PRIDE MAY BE AROUSED, AND HE OR SHE MAY HESITATE TO CHANGE A POSITION EVEN IF SHOWN THAT IT IS WRONG.  REMEMBER THAT YOU MUST NOT BE PARTISANS OR ADVOCATES IN THIS MATTER.  YOU MUST BE IMPARTIAL JUDGES OF THE FACTS.

INSTRUCTION NO. 30

CHANCE VERDICT PROHIBITED

THE LAW FORBIDS YOU TO DETERMINE ANY ISSUE IN THIS CASE BY CHANCE – SUCH AS THE FLIP OF A COIN, THE DRAWING OF LOTS OR ANY OTHER CHANCE DETERMINATION.

INSTRUCTION NO. 31

RETURN OF VERDICT

BEFORE YOU BEGIN YOUR DELIBERATIONS, MY COURTROOM DEPUTY, MS. INGLE, WILL GIVE YOU COPIES OF A VERDICT FORM THAT HAS BEEN PREPARED FOR YOU.  AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON SHOULD FILL IN, SIGN, AND DATE ONE COPY OF THE FORM THAT HAS BEEN GIVEN TO YOU.  YOUR FOREPERSON SHOULD THEN CONTACT MS. INGLE, WHO WILL BE SITTING IN THE COURTROOM DURING YOUR DELIBERATIONS.

INSTRUCTION NO. 32

USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON

OR COMMUNICATE ABOUT A CASE

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR

PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE.

YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS THE

TELEPHONE, A CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR

COMPUTER, THE INTERNET, ANY INTERNET SERVICE, ANY TEXT OR INSTANT

MESSAGING SERVICE, ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS

FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO

ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY

RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.  IN OTHER

WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH

ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS

CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR

FELLOW JURORS DURING DELIBERATIONS.  I EXPECT YOU WILL INFORM ME AS

SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE

INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR

COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE

THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM.

INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA

MIGHT BE WRONG, INCOMPLETE, OR INACCURATE.  YOU ARE ONLY PERMITTED

TO DISCUSS THE CASE WITH YOUR FELLOW JURORS DURING DELIBERATIONS

BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE.  IN

OUR JUDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY

ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM.  OTHERWISE, YOUR

DECISION MAY BE BASED ON INFORMATION KNOWN ONLY BY YOU AND NOT

YOUR FELLOW JURORS OR THE PARTIES IN THE CASE.  THIS WOULD UNFAIRLY

AND ADVERSELY IMPACT THE JUDICIAL PROCESS.