UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VALENTINO JOHNSON,<br>Defendant. | Case No. 14-cr-00412-TEH<br><br>**ORDER DENYING MOTION TO CONTINUE SENTENCING** |

This matter came before the Court on February 29, 2016 for a hearing on the Government's Motion to Continue Sentencing. Docket No. 253. After carefully considering the parties' arguments, the Court hereby DENIES the Government's motion, for the reasons set forth below.

**BACKGROUND**

On August 28, 2015, Defendant Valentino Johnson was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Docket No. 239. Mr. Johnson was originally set to be sentenced on November 23, 2015. Docket No. 236. The Court continued sentencing to December 21, 2015 due to an administrative delay in referring the case to the United States Probation Office. Docket No. 246; Def.'s Opp'n to U.S.'s Mot. to Continue Sentencing ("Opp'n") at 2 (Docket No. 254). At the request of the probation officer, the parties stipulated to again continue sentencing to January 25, 2016. Docket No. 248; Decl. of Aaron T. Chiu in Supp. of Def.'s Opp'n to U.S.'s Mot. to Continue Sentencing ("Chiu Decl."), Exs. A, B (Docket No. 255). Sentencing was then continued a third time, to February 29, 2016, due to the parties' desire for an evidentiary hearing regarding an uncharged break-in at 301 Crescent Court. Docket No. 250; Chiu Decl., Ex. C. An evidentiary hearing was also set for that date. Docket No. 250. Sentencing was continued for a fourth and final time, to March 28, 2016, to afford the

parties an opportunity to brief any enhancement issues from the February 29, 2016 evidentiary hearing. Docket No. 252.

**LEGAL STANDARD**

A district court has broad discretion to grant or deny a motion to continue a criminal sentencing. *United States v. Bowen*, 472 F. App'x 747, 747 (9th Cir. 2012) (citing *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010)). The court's decision "will not be disturbed on appeal absent clear abuse of that discretion." *Id.* (quoting *Kloehn*, 620 F.3d at 1126-27).

**DISCUSSION**

The Government moves to continue Mr. Johnson's sentencing for a fifth time, on the basis that the application of the Armed Career Criminal Act ("ACCA") to Mr. Johnson's criminal history hangs in the balance of a pending Supreme Court case. U.S.'s Mot. to Continue Sentencing ("Mot.") at 4-5 (Docket No. 253). Waiting on the outcome of this case is important, the Government argues, because the "ACCA will mean the difference between a 10-year statutory maximum versus a 15-year mandatory minimum and 27-year sentence under the Sentencing Guidelines." U.S.'s Reply in Supp. of Mot. to Continue Sentencing ("Reply") at 2 (Docket No. 258).

**I.   The Government Concedes That Under Binding Ninth Circuit Law, Mr. Johnson Does Not Face a Mandatory Sentence Under the ACCA**.

The ACCA applies where a defendant who violates 18 U.S.C. § 922(g) has previously been convicted of three or more violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as one that (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (ii) "is burglary, arson, or extortion, involves use of explosives, or otherwise involves

1  conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §
2  924(e)(2)(B).
3        The parties agree that Mr. Johnson has previously been convicted of two "violent
4  felonies" for the purposes of the ACCA. Mot. at 2-3. The disagreement is whether Mr.
5  Johnson's prior convictions for robbery under Cal. Penal Code § 211 ("Section 211") can
6  constitute a third violent felony under the ACCA.
7        This question has been unequivocally answered, in the negative, by the Ninth
8  Circuit. In *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), the Ninth Circuit held
9  that robbery under Section 211 is not categorically a violent felony under the ACCA
10 because the statute "criminalizes conduct not included within the ACCA's definition of
11 'violent felony.'" 805 F.3d at 1196-98. The Ninth Circuit held further that Section 211 is
12 not "divisible into violations that meet the ACCA's definition of 'violent felony' and
13 others that do not," because "[t]he disjunctively worded phrases in the statute and jury
14 instructions are alternative means, not alternative elements." *Id.* at 1198. Accordingly, the
15 Ninth Circuit concluded that "a conviction for violating [Section] 211 cannot serve as a
16 predicate 'violent felony' conviction for the application of a mandatory minimum sentence
17 under the ACCA." *Id.* at 1199.
18       Though the Government recognizes that *Dixon* binds this Court, it argues that a
19 pending Supreme Court case – *Mathis v. United States*, No. 15-6092 – may abrogate this
20 binding case law, because it will address a circuit split in the very divisibility reasoning
21 that the Ninth Circuit relied upon in *Dixon*. Mot. at 4. The Government therefore requests
22 that the Court delay Mr. Johnson's sentencing "by several months to the earliest available
23 date on the Court's calendar in July 2016," Mot. at 5, by which time *Mathis* will have been
24 decided (assuming *Mathis* is even decided in this Supreme Court Term).
25 //
26 //
27 //
28

## II. The Court Declines to Delay Sentencing on the Basis of a Potential Change in the Law.

Neither party has cited case law either requiring or forbidding the Court from continuing Mr. Johnson's sentence to await the Supreme Court's decision in *Mathis*. Indeed, the Government cited no case law at all in its motion briefing, and the law cited in its reply briefing does not command a continuance. In *United States v. Castro*, 382 F.3d 927 (9th Cir. 2004), for example, the Ninth Circuit discussed its practice of withholding decisions to await dispositive Supreme Court rulings. 382 F.3d at 929. But in *Castro*, the Ninth Circuit ultimately found that "circumstances prompt[ed] [action] on the sentencing issues," and therefore remanded the case to district court for further proceedings. *Id.* With respect to the district court's handling of the case while the relevant Supreme Court decisions remained outstanding, the Ninth Circuit noted only that: "Among the options available to the district court, within the exercise of its discretion, would be to reconsider its sentence or to stay further proceedings pending the outcome of [the Supreme Court decisions] . . . ." *Id.*

Accordingly, the propriety of continuing Mr. Johnson's sentencing is left to the sound discretion of this Court. And the Court is mindful of its obligation under the Federal Rules of Criminal Procedure to sentence Mr. Johnson "without unnecessary delay." Fed. R. Crim. P. 32(b)(1). To that end, the Court is persuaded by Mr. Johnson's argument that "[a]llowing continuances of sentencing on the basis of an anticipated change in the law inhibits a district court's ability to expeditiously impose a sentence, as parties would repeatedly seek continuances and cause delays upon learning of changes in law that may be of benefit, but are yet to take effect." Opp'n at 3 (citations, internal quotation marks, and alternations omitted). Though the Government is correct that the case law Mr. Johnson cites to support this argument came down in the context of changes to the Sentencing Guidelines, rather than impending changes to the law itself, Reply at 3-4, the Court nevertheless finds the reasoning to apply with equal force to the case at hand. This

is especially true where, as here, a change in the law is far from "impending," as there is no guarantee that *Mathis* will resolve the circuit split against the Ninth Circuit.

Moreover, while the Government may be correct that a continuance would minimally prejudice Mr. Johnson because he faces a substantial sentence regardless of the outcome in *Mathis*, Mot. at 5, that same argument serves to minimize the prejudice facing the Government. The Government will have an opportunity to seek any sentencing enhancement that may be required by *Mathis*, through re-sentencing or appeal, while Mr. Johnson is serving what the Government argues will be a substantial sentence.

### III. The Court Need Not Address Whether the Outcome in *Mathis* Would Affect the Applicability of the ACCA to Mr. Johnson's Sentence.

Because the Court has decided not to delay Mr. Johnson's sentencing to await the decision in *Mathis*, the Court need not address whether the uncertain outcome of that decision would actually affect the applicability of the ACCA to Mr. Johnson's sentence. That question is better left for a re-sentencing or appeal following the Supreme Court's decision in *Mathis*, and only if that decision abrogates the currently binding Ninth Circuit case law in the manner that the Government so desires.

### CONCLUSION

For the foregoing reasons, the Government's motion to continue Mr. Johnson's sentencing is DENIED. Sentencing shall be held, as scheduled, on March 28, 2016.

**IT IS SO ORDERED.**

Dated: 02/29/16

_____
THELTON E. HENDERSON
United States District Judge